IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
~~SOUTHERN~~ DIVISION
Northern

RECEIVED
2010 AUG -5 A 11: 15
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JONATHAN SHANE SPEARS, )
as Administrator of the Estate of )
EDWARD EUGENE SPEARS, )
)  Civil Action No.: 2:10-cv-671-WKW-CSC
Plaintiff, )
)
v. )  JURY TRIAL DEMANDED
)
DENNIS F. MEEKS; DR. MILLARD HENRY )
MCWHORTER III; A. CAIN LPN; )
D. WILLIAMS LPN; and )
SOUTHERN HEALTH PARTNERS, INC., )
)
Defendants. )
)

## COMPLAINT

COMES NOW the Plaintiff, Jonathan Shane Spears, Administrator of the Estate of Edward Eugene Spears, (hereinafter "Spears"), by and through counsel, and hereby submits the following Complaint at Law, to be answered in accordance with, and pursuant to the time constraints of, the *Federal Rules of Civil Procedure*.

### STATEMENT OF THE PARTIES

1. Plaintiff, Jonathan Shane Spears, is the Administrator of the Estate of Edward Eugene Spears (hereinafter "Spears"), decedent. Plaintiff is over the age of nineteen (19) years and is a resident citizen of Covington County, Alabama.

2. Defendant, Sheriff Dennis F. Meeks (hereinafter "Meeks"), was acting under color of state law as the Sheriff for the Covington County Sheriff's Department, Covington County, Alabama at all times relevant to this Complaint and as such, had the responsibility for

the housing, safety, and medical treatment of inmates at the Covington County Jail. Plaintiff sues Defendant Meeks in his individual capacity. Defendant Meeks is over the age of nineteen (19) years and is a resident citizen of Covington County, Alabama.

3. Defendant Southern Health Partners, Inc. (hereinafter "SHP") is a Delaware corporation that at all times relevant hereto did business by agent in this judicial district. SHP was responsible for providing health care services to inmates at the Covington County Jail through its agents and/or employees during the relevant times stated herein.

4. Defendant, Dr. Millard Henry McWhorter III (hereafter known as "Dr. McWhorter"), is a resident citizen of Alabama and is over the age of nineteen (19) years. Dr. McWhorter was responsible for the medical care of Spears at all times relevant hereto. Plaintiff sues Dr. McWhorter in his individual capacity and as agent and/or employee of SHP.

5. Defendant A. Cain, LPN (whose first name is presently unknown, but whose last name and first initial appears on the medical records attached hereto as Exhibit A), is a resident citizen of Alabama and is over the age of nineteen (19) years. A. Cain, LPN (hereinafter "Cain") was responsible for the medical care of Spears at all times relevant hereto. Plaintiff sues Cain in his/her individual capacity and as agent and/or employee of SHP.

6. Defendant D. Williams, LPN (whose first name is presently unknown, but whose last name and first initial appears on the medical records attached hereto as Exhibit A), is a resident citizen of Alabama and is over the age of nineteen (19) years. D. Williams, LPN (hereinafter "Williams") was responsible for the medical care of Spears at all times relevant hereto. Plaintiff sues Williams in his/her individual capacity and as agent and/or employee of SHP.

7. At all times relevant hereto, the above-named Defendants acted under color of state law in regards to the actions stated herein.

8. Plaintiff has filed, contemporaneous with the filing of this Complaint, a Motion for Leave to Conduct Limited Discovery in order to discover full names of all defendants. Full names of all defendants will be added to this action, pursuant to Fed.R.Civ.P. 15(c)(1)(A) applying Ala.R.Civ.P. 15(c)(4) and 9(h), once known.

## STATEMENT OF JURISDICTION

9. This action is brought pursuant to and in accordance with the terms and provisions of 42 U.S.C. §1983 and §1988 claiming deprivations under color of state law of rights secured by the Eighth and Fourteenth Amendments to the United States Constitution. This action also claims violations of Alabama State law. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 1343.

10. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over the medical malpractice and negligent hiring, training, supervision and retention claims since these claims are so related to the claims in the § 1983 civil rights action that they form part of the same case and controversy.

## STATEMENT OF THE FACTS

11. On or about July 23 of 2008, Spears suffered a laceration to his lower right leg, for which he was treated in the Emergency Room at Andalusia Regional Hospital.

12. On or about July 27, 2008, Spears was incarcerated in the Covington County Jail.

13. Between July 27 and August 6, 2008, Spears' symptoms grew increasingly worse. Spears complained of pain in his leg to the point that he was forced to use a wheelchair and was unable to sleep. His lower leg at various times before August 6, 2008 exhibited swelling, hotness to the touch, redness, coolness to the touch, necrotic areas, blister patches, bruising,

abnormal breathing, and weeping edema (seepage of fluids). Defendants, being in complete control of Spears' medical treatment, were at all times aware of Spears' worsening condition.

14. Defendants, with deliberate indifference to Spears' serious medical condition, and violating the standard of care in the relevant medical community, failed to appropriately alter or increase treatment for Spears' condition, as any reasonable individual or entity would have in their position.

15. On August 7, 2008, after finding Spears with severe breathing difficulty and loss of coordination to the point his pulse could not be taken, Defendants finally transported Spears to the Andalusia Regional Hospital Emergency Room.

16. As a direct result of Defendants' deliberate indifference, Spears died on August 8, 2008, of systemic sepsis due to necrotizing fasciitis of the right lower leg.

**COUNT I**
**42 U.S.C. §1983**
**Violation of Eighth and Fourteenth Amendments to the United States Constitution**
**(Deliberate Indifference to Serious Medical Need)**

17. Plaintiff re-alleges all prior paragraphs as if set out here in full.

18. Defendants, at all times relevant hereto, acted under their authority and under the color of law. Plaintiff brings suit against each of the Defendants in their individual capacities pursuant to 42 U.S.C. §1983.

19. At all times relevant hereto, Defendants acted with deliberate indifference towards the serious medical needs of the decedent, Spears, by failing and/or refusing to provide necessary medical care, by unnecessarily delaying medical care, and/or by providing grossly inadequate or incompetent medical care. Such deliberate indifference amounted to the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment to the United

States Constitution made applicable to the States through the Fourteenth Amendment to the United States Constitution.

20. Defendants implemented, sanctioned, approved, ratified, and/or failed to remedy policies, practices, acts and omissions that denied, delayed, and/or intentionally interfered with Spears' health and safety. These policies and their inadequacies amount to a deliberate indifference to the serious medical needs of Spears.

21. It has been "clearly established law" for over a decade that an official violates an inmate's Eighth Amendment right if he acts with deliberate indifference to the serious medical needs of the inmate.

22. It has been "clearly established law" for over a decade that an official acts with deliberate indifference when he knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate.

23. It has been "clearly established law" for over a decade that an official acts with deliberate indifference when he intentionally delays providing an inmate with access to medical treatment, knowing that the inmate has a life-threatening condition or an urgent medical condition that would be exacerbated by delay.

24. The Defendants' actions constitute a willful and knowing violation and deprivation of a right secured by the Constitution of the United States in violation of 42 USC §1983.

25. The actions of the Defendants in violation of the Constitutional rights of the decedent, Edward Eugene Spears, justify an award of reasonable attorneys' fees and experts' fees under 42 USC §1988, and the Plaintiff is entitled to recover against the Defendants for

injuries, damages, and losses proximately caused by the Defendants' conduct as set forth in this Complaint.

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiff, Jonathan Shane Spears, as Administrator of the Estate of Edward Eugene Spears, demands judgment against the Defendants, including compensatory and punitive damages, as allowed by law, reasonable attorneys' fees and expert fees under 42 USC §1988, and all other relief which justice requires regardless of whether such relief is specifically requested.

## COUNT II

### Violation of Ala. Code § 6-5-480 *et seq.* and §6-5-540 *et seq.*
### (Wrongful Death Caused By Medical Malpractice)

26. Plaintiff re-alleges all prior paragraphs as if set out fully herein.

27. The medical treatment provided by Dr. McWhorter, Cain, and Williams to Spears, each of whom were acting individually, as agents and/or employees of SHP, and under color of state law, fell below the applicable standards of care, in that these Defendants failed to exercise such reasonable care, diligence and skill as other health care providers in the same general medical community, and in the same general line of practice, ordinarily would have exercised in a like cause.

28. At all times material hereto, the circumstances that caused Spears' death were preventable through adherence to well-established, safe, available medical procedures.

29. Had Defendants acted pursuant to the requisite standard of care as described above, Spears would have received appropriate treatment, thereby preventing his death.

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiff demands all damages permitted by law, including punitive damages against Defendants Dr. McWhorter, Cain, and

Williams, and SHP, in an amount to be determined fair, just and adequate by a jury, plus all recoverable costs, fees and expenses together with such other, further, and different relief, including equitable, that this Court may deem just and proper.

## Count III

### Wrongful Death Caused by
### Negligent and/or Wanton Hiring, Training, Supervision and Retention

30. Plaintiff re-alleges all prior paragraphs as if set out fully herein.

31. At all times relevant hereto, Defendant SHP employed Defendants Dr. McWhorter, Cain, and Williams to provide health care services to the inmates at Covington County Jail.

32. Defendants McWhorter, Cain, and Williams were acting within the scope of their employment with SHP at all times relevant to this action.

33. Defendant SHP owed a duty to Spears to properly hire, train, supervise, and retain medical staff whose treatment would meet the standards of care in the relevant medical community.

34. Defendant SHP breached this duty to Spears insofar as it negligently and/or wantonly hired, trained, supervised, and/or retained Defendants McWhorter, Cain, and Williams.

35. As a proximate result of the negligent hiring, training, retention, and/or supervision of Defendants McWhorter, Cain, and Williams by SHP, Spears died on August 8, 2008.

WHEREFORE, ABOVE PREMISES CONSIDERED, Plaintiff demands all damages permitted under law, including punitive damages, against Defendant SHP in an amount to be determined fair, just and adequate by a jury, plus all recoverable costs, fees and expenses

together with such other, further, and different relief, including equitable, that this Court may deem just and proper.

RESPECTFULLY DONE AND SUBMITTED this the 4 day of August, 2010.

**JURY TRIAL DEMANDED ON ALL COUNTS SO TRIABLE.**

/s/ M. Adam Jones

M. ADAM JONES (JON-126)
Attorney for the Plaintiff

OF COUNSEL:
Jacoby & Meyers, LLC
P.O. Box 5551
111 East Main Street
Dothan, Alabama 36302
PH: (334) 794-8000
FX: (334) 699-6885
Adam.Jones@jacobymeyers.com


SERVE DEFENDANTS VIA CERTIFIED MAIL AS FOLLOWS:

Dennis F. Meeks
17967 Lindsey Bridge Road
Andalusia, Alabama 36420-6203

Dr. Millard Henry McWhorter
408 S Three Notch St
Andalusia, AL 36420-4407

A. Cain, LPN
c/o Covington County Jail
290 Hillcrest Drive
Andalusia, AL 36420

D. Williams, LPN
c/o Covington County Jail
290 Hillcrest Drive
Andalusia, AL 36420

Southern Health Partners
c/o The Corporation Company
2000 Interstate Park Dr Ste 204
Montgomery, AL 36109