IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JONATHAN SHANE SPEARS, *administrator,* | ) ) ) |
| Plaintiff, | ) |
| v. | ) CASE NO. 2:10-CV-671-WKW [WO] |
| | ) |
| DENNIS F. MEEKS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## **ORDER**

On April 26, 2011, the court entered a Memorandum Opinion and Order (the "Order") granting Defendant Sheriff Dennis F. Meeks's ("Sheriff Meeks") motion to dismiss and motion for attorney's fees pursuant to 42 U.S.C. § 1988. (Doc. # 40 ("Order").) Specifically, the court held that "Sheriff Meeks is entitled to an award of reasonable attorney's fees [under § 1988] for his defense of [the] groundless aspect of Plaintiff's Amended Complaint." (Order, at 15.) The Order also included a briefing schedule, directing Sheriff Meeks to submit an affidavit detailing his reasonable attorney's fees and directing Plaintiff Spears ("Plaintiff") to respond. (Order, at 15.) Accordingly, Sheriff Meeks filed a Petition for Fees and Expenses (the "Petition"), along with accompanying affidavits (Doc. # 44), and Plaintiff responded (Doc. # 51). Sheriff Meeks replied *sua sponte*. (Doc. # 53).

The Petition seeks an award of attorney's fees and expenses in the amount of $15,019.51 from "Plaintiff and his attorneys." (Doc. # 44.) In support of that sum, Sheriff Meeks's submitted affidavits from attorneys Gary L. Willford, Jr., Jamie K. Hill, and Robert N. Bailey, II, detailing the hours expended defending Sheriff Meeks, the hourly rate of the attorneys involved, and the expenses incurred during the representation. (Doc. # 44, Exs. 2-4.) Plaintiff does not dispute these calculations or the reasonableness of the rates charged and hours expended. (Doc. # 51.) Rather, Plaintiff argues that: (1) Sheriff Meeks inequitably seeks an amount of attorney's fees that does not account for Plaintiff's lack of financial resources and inability to pay; and (2) that § 1988 does not authorize the award of attorney's fees against a party's counsel. (Doc. # 51, at 2-3.) For the reasons that follow, judgment is due to be entered against Plaintiff, for the sum of $14,795.00 in attorney's fees, and $224.51 in costs.

The discussion in this matter proceeds in four parts. Part A discusses calculation of the appropriate "lodestar" amount of attorney's fees; Part B analyzes Plaintiff's argument that his ability to pay requires a reduction in the fee award; Part C examines liability of a party's counsel under § 1988; and Part D deals briefly with the new attorney's fee arguments raised by Sheriff Meeks in his reply.

## A. **Amount of Attorney's Fees**

Determination of a reasonable attorney's fee is "committed to the sound discretion of a trial judge." *Perdue v. Kenny A. ex rel. Winn*, 130 S. Ct. 1662, 1676 (2010) (citing § 1988). In applying that discretion, the "lodestar" figure is the "guiding light" of fee determination under § 1988. *Id.* at 1672. The "lodestar" figure equals the reasonable hourly rate multiplied by the hours reasonably expended. *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). The presumption of reasonableness afforded to the lodestar calculation is strong, and that figure "includes most, if not all, of the relevant factors constituting a reasonable attorney's fee." *Perdue*, 130 S. Ct. at 1673 (internal quotation marks omitted); *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992). However, once the lodestar amount is calculated, "[t]he court may then adjust the lodestar to reach a more appropriate attorney's fee, based on a variety of factors. . . ." *Ass'n of Disabled Am. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006). These factors include the twelve factors outlined by the former Fifth Circuit in *Johnson v. Ga. Highway*

*Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974),[1] but "many of these factors are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate." *Ass'n of Disabled Am.*, 469 F.3d at 1359 n.1 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 n.9 (1983)); *see also Perdue*, 130 S. Ct. at 1672-73.

## *I. Reasonable Hourly Rate*

An hourly rate is reasonable if it "is the prevailing market rate in the legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*, 836 F.2d at 1299. The fee applicant has the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. *See Coastal Fuels Marketing, Inc. v. Fla. Exp. Shipping Co., Inc.*, 207 F.3d 1247, 1252 (11th Cir. 2000); *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "[A] movant may meet his burden by producing either direct evidence of rates charged under similar circumstances or opinion evidence of reasonable rates." *Duckworth v. Whisenant*, 97 F.3d 1393, 1395 (11th Cir. 1996)

---

[1] The *Johnson* factors include: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717-19.

(citing *Norman*, 836 F.2d at 1299). Where a plaintiff relies on opinion evidence, "[t]he weight to be given" such evidence "will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." *Norman*, 836 F.2d at 1299. However, where there is a lack of documentation, a district court may make an independent judgment based on its own experience and knowledge concerning the rates charged by lawyers of similar skill in similar lawsuits in the same market area. *Id.* at 1303.

Plaintiff does not object to the reasonableness of the hourly rates claimed by Sheriff Meeks's counsel in their affidavits. (Doc. # 51.) Nor does Plaintiff object to the sufficiency of Sheriff Meeks's evidence. Given the absence of protest from Plaintiff, and applying independent judgment, the court finds the requested hourly rates reasonable. Following the practice of this district, these rates are applied for purposes of this fee petition only. *Matthews v. City of Dothan*, No. 04-640, 2008 WL 450433, at *2 (M.D. Ala. Feb. 15, 2008); *Anderson v. Unum Life Ins. Co. of Am.*, No. 01-894, 2007 WL 604728, at *9 (M.D. Ala. Feb. 22, 2007).

### *ii. Reasonable Hours Expended*

After determining the reasonable hourly rate, the court must ascertain whether the hours expended by the prevailing party are reasonable and, thus, compensable. *Norman*, 836 F.2d at 1301. In setting forth the hours expended, the fee applicant

> must exercise what the Supreme Court has termed "billing judgment." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). That means they must exclude from their fee applications "excessive, redundant, or otherwise unnecessary [hours]," *id.*, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 . . . . If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are "excessive, redundant, or otherwise unnecessary."

*Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999). "Because reducing the hours claimed requires the court's precision, the law in this circuit commands that both the proof of the hours spent in litigation and any corresponding objections posed be voiced with a similar exactitude." *Duckworth*, 97 F.3d at 1397 (citing *Norman*, 836 F.2d at 1301).

Likewise, Plaintiff does not in any way challenge the hours listed in Sheriff Meeks's affidavits and billing records. (Doc. # 51.) Based on a review of the billing documents, the charges detailed therein, and the affidavits included in the Petition, the court finds that the hours billed in this case are reasonable.

6

### *iii. Lodestar Calculation*

Multiplying the reasonable hourly rate for Sheriff Meeks's counsel by the reasonable hours they expended, the court determines the lodestar figure to be $14,795.00.[2]

In addition, Sheriff Meeks claims $224.51 in travel and research expenses related to his representation. (Doc. # 44, Ex. 2, at 8.) Plaintiff does not object to the award of expenses or the reasonableness of that figure. Expenses are recoverable under § 1988, and the court finds the sum of $224.51 to be reasonable. *See Dowdell v. City of Apopka, Fla.*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under section 1988.").

### B.   **Lodestar Adjustments**

When determining the appropriate attorney's fee to award to a prevailing defendant, the court must consider the twelve *Johnson* factors *as well* the "thirteenth *Johnson*" factor: the plaintiff's financial resources. *Kreager v. Solomon & Flanagan,*

---

[2] The lodestar calculation is as follows:
| | |
|---|---|
| Willford: | $150 x 71.4 hours = $10,710.00 |
| Hill: | $120 x  8.7 hours = $ 1,044.00 |
| Bailey: | $175 x 13.2 hours = $ 2,310.00 |
| Beasley: | $215 x  3.4 hours = $    731.00 |
| Total: | $14,795.00 |

*P.A.*, 775 F.2d 1541, 1544 (11th Cir. 1985); *Durrett v. Jenkins Brickyard, Inc.*, 678 F.2d 911, 917 (11th Cir. 1982); *see also Jones v. United Space Alliance, L.L.C.*, 494 F.3d 1306, 1310 (11th Cir. 2007) ("[A]ctions under § 1988 and Title VII are to be treated identically with concern to attorneys' fees."). "Equitable considerations appropriately guide the determination of fee awards authorized by federal statute, and the financial resources of the paying party are one such consideration." *Durett*, 678 F.2d at 917 (citing *Faraci v. Hickey-Freeman Co.*, 607 F.2d 1025, 1028 (2d Cir. 1979)).

Sheriff Meeks does not seek any adjustment to the lodestar calculation under the *Johnson* factors, nor does the court discern any *Johnson* factor that warrants an upward adjustment of the lodestar calculation. *Johnson*, 488 F.2d at 717-19. However, Plaintiff argues that Sheriff Meeks's request "for the full award of $15,019.51 is . . . unreasonable in that it does not take into account Plaintiff's financial resources and ability to pay." (Doc. # 41, at 2-3.) In opposition, Sheriff Meeks asks the court to postpone calculation and entry of the final award until this case has been resolved. According to Sheriff Meeks, the court can more accurately determine Plaintiff's ability to pay after his remaining claims are resolved by trial or settlement. (Doc. # 53, at 7-8.)

The equities in this case do not favor a downward adjustment of the lodestar figure or postponement of the award of attorney's fees.  First, the equitable concern underpinning the thirteenth *Johnson* factor does not apply in this case, where Plaintiff is the estate of a decedent.  For reasons that should be obvious, there is no risk that any attorney's fee award will subject Plaintiff to "financial ruin."  *Cf. Durrett*, 678 F.2d at 917; *Faraci*, 607 F.2d at 1029.  Second, the $1,000 valuation of Decedent Edward Eugene Spears's estate is not representative of Plaintiff's future ability to pay. (Doc. # 51, Ex. 1.)  In fact, the assets in Decedent's estate include Plaintiff's remaining § 1983 and state law claims against the remaining Defendants.  Though these assets are contingent, they certainly have a net present value that dwarfs the $1,000 figure offered by Plaintiff.  Finally, the court declines to delay awarding attorney's fees on the basis of the future events cited by Sheriff Meeks.  One could imagine myriad future events affecting the value of Plaintiff's estate one way or another, but none of them provide a just reason for delaying calculation of the fees and expenses due or entry of that judgment.

## C.     Liability of Plaintiff's Counsel for Attorney's Fees

Sheriff Meeks's lengthy arguments that Plaintiff's counsel should be held liable for the attorney's fee award are short on legal citations. (Doc. # 53, at 2-6.) While he claims that his "research confirms the Plaintiff's statement that the question of

9

whether attorneys' fees can be awarded against an attorney under § 1988 is a matter of first impression in the Eleventh Circuit" (Doc. # 53, at 3), apparently the Circuit failed to make much of an impression.  Contrary to Sheriff Meeks's arguments, § 1988 does not authorize attorney liability for fees and costs.  *Baker v. Alderman*, 158 F.3d 516, 527 (11th Cir. 1998) ("Attorney's fees under § 1988 are assessed against losing parties, and not against counsel."); *Brown v. Borough of Chambersburg*, 903 F.2d 274, 277 (3d Cir. 1990) ("We conclude that § 1988 does not authorized the award of attorneys' fees against plaintiff's attorney."); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1374 n.1 (6th Cir. 1987) ("[A]n award under section 1988 may only be charged against the losing party, not the party's attorney. . . ."); *Hamer v. Lake Cnty.*, 819 F.2d 1362, 1370 (7th Cir. 1987) ("Section 1988 only authorizes the imposition of fees against parties to the litigation, not their attorneys."); *Oliveri v. Thompson*, 803 F.2d 1265, 1272 (2d Cir. 1986) ("An award under § 1988 is available to the prevailing party and is charged against the losing party, not his attorney."); *see also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 761 & n.9 (1980) (noting in dicta that the statutory language and legislative history of § 1988 support the view that "[§ 1988] was not intended to permit recovery from opposing counsel."); *Santhuff v. Seitz*, 385 F. App'x. 939, 947 (11th Cir. 2010) ("[I]t is incorrect to hold counsel accountable for fees under § 1988.").

### D. Sheriff Meeks's Bad Faith and 28 U.S.C. § 1927 Arguments

In his reply brief, Sheriff Meeks advances new arguments for holding Plaintiff's counsel liable for the attorney's fees, arguments that he did not raise in the motion for attorney's fees or in the Petition. (*See* Docs. # 27-28, 44.) Sheriff Meeks argues that Plaintiff's counsel should be held liable under (1) the court's "inherent power to sanction counsel for bad faith" (Doc. # 53, at 5) or (2) 28 U.S.C. § 1927. Sheriff Meeks's arguments are unpersuasive for three reasons. First, Sheriff Meeks's arguments should have been raised in his motion for attorney's fees, not in the Petition to determine the amount of fees. Therefore, these arguments are waived. Second, these arguments were not included with the Petition and are made for the first time in a reply that was filed without authorization. *See, e.g.*, *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.2d 839, 844 (11th Cir. 2008). Third, the Memorandum Opinion and Order included no finding of bad faith sufficient to underpin the relief now sought by Sheriff Meeks. Nor will the court revisit the issue at this late date. Accordingly, Sheriff Meeks's additional arguments fail.

### E. Conclusion

Accordingly, it is ORDERED that Defendant Sheriff Meeks shall HAVE and RECOVER from Plaintiff the sum of $14,795.00 in attorney's fees, and $224.51 in costs, for which let execution issue.

DONE this 24th day of August, 2011.

        /s/ W.  Keith Watkins
CHIEF UNITED STATES DISTRICT JUDGE